UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT TERRY, CREST CORPORATION, and CREST IRREVOCABLE BUSINESS TRUST, doing business as "Freedom Media,"<br><br>        Plaintiffs,<br><br>    v.<br><br>REGISTER TAPES UNLIMITED, INC.; EDWARD ENDSLEY; ASHLEY MATE; and DOES 1 through 50, inclusive;<br><br>        Defendants. | CIV. NO. 2:16-0806 WBS AC<br><br>ORDER RE: MOTION TO AMEND COMPLAINT |

----oo0oo----

        Plaintiff Robert Terry[1] brought this action against

---

[1] Two entities wholly owned by Terry, Crest Corporation and Crest Irrevocable Business Trust, are also named as plaintiffs in this action. (See First Am. Compl. ("FAC") at 1-2 (Docket No. 6).) As Terry appears to be the sole party-in-interest with respect to both entities, the court will, for ease of reference, omit mentioning them in this Order. All references to "plaintiff" in this Order refer to Terry.

1

defendants Register Tapes Unlimited, Inc. ("RTU Inc."), Edward Endsley, and Ashley Mate, alleging breach of contract and disability discrimination under California law. (Notice of Removal, Compl. (Docket No. 1).) Plaintiff now seeks leave to amend his Complaint to add Register Tapes Unlimited, LP ("RTU LP"), the entity defendants claim is successor-in-interest to RTU Inc., as a defendant to this action. (Pl.'s Mot. (Docket No. 23).)

Plaintiff is a California resident. (First Am. Compl. ("FAC") ¶ 1 (Docket No. 6).) RTU Inc. is allegedly a Texas corporation engaged in the business of selling advertising space on grocery store receipts to businesses in Texas and California. (See id. ¶¶ 4, 16.) Endsley is president of RTU Inc., and Mate is RTU Inc.'s chief operating officer. (See id. ¶¶ 5-6.)

From 1998 to 2004, plaintiff allegedly entered into contracts with RTU Inc. to sell advertising space on RTU Inc.'s behalf, negotiate grocery store servicing contracts on RTU Inc.'s behalf, assign grocery store servicing contracts he had previously obtained to RTU Inc., and provide sales training to RTU Inc. staff. (See id. ¶ 17.) The contracts between plaintiff and RTU Inc. allegedly provide that RTU Inc. would pay plaintiff various percentages of its revenues as compensation for his services and assignment of contracts. (See id.) Plaintiff has allegedly provided services pursuant to his contracts with RTU Inc. from 1998 to the present time. (See id. ¶ 17; Pl.'s Mot., Mem. ("Pl.'s Mem.") at 2 (Docket No. 23-1).)

On January 26, 2016, plaintiff brought this action against defendants, alleging that RTU Inc. failed to pay him the

percentages of revenues they had agreed to.  (See Compl. ¶¶ 19-25.)  Plaintiff also alleges that RTU Inc. unlawfully discriminated against him after he suffered a "traumatic brain injury" from a car accident in 2010 that left him with reduced memory and intellectual capacity.  (See FAC ¶¶ 29-34.)  Citing the above allegations, plaintiff brings causes of action against defendants for, inter alia, breach of contract, failure to pay wages, disability discrimination, and failure to provide reasonable accommodation under California law.  (See id. at 12-20.)

On April 27, 2016, defendants filed a motion to dismiss one of plaintiff's causes of action,[2] the notice of which stated that plaintiff had incorrectly named RTU Inc. as a defendant in this action, and the correct entity to name in this action is RTU LP.  (See Docket No. 4 at 1.)  The notice did not offer any explanation for why RTU LP should be named in this action.

From May through December 2016, plaintiff engaged in multiple follow-up attempts to ascertain the reasons for naming RTU LP in this action.  (See Decl. of Robert Boucher ("Boucher Decl.") ¶¶ 3-7 (Docket No. 23-2).)  According to plaintiff, defendants did not respond to such inquiries, and he "did not press the issue" with defendants, because defendants' counsel was experiencing illness during that time.  (See id. ¶¶ 3, 6-7.)  Plaintiff represents that he did not seek to add RTU LP during that time because he did not want to risk "burdening the Court with unnecessary parties."  (Pl.'s. Mem. at 2.)

---

[2]  The motion was later withdrawn.  (See Docket No. 7.)

3

| | |
|---|---|
| 1 | On January 4, 2017, defendants informed plaintiff that |
| 2 | RTU LP should be added to this action because it is the successor |
| 3 | entity to RTU Inc. and true party-in-interest with respect to |
| 4 | this action.  (Boucher Decl. ¶ 9.)  According to defendants, the |
| 5 | entity known as "Registered Tapes Unlimited" which plaintiff had |
| 6 | conducted business with was restructured from a corporation, RTU |
| 7 | Inc., to a limited partnership, RTU LP, in 2007, and "all the |
| 8 | assets and liabilities of [RTU Inc.] were transferred to [RTU |
| 9 | LP]" at that time.  (Defs.' Opp'n at 2 (Docket No. 27).)  Any |
| 10 | suit brought against RTU Inc., defendants informed plaintiff, |
| 11 | should instead be brought against RTU LP.  (See Boucher Decl. ¶ |
| 12 | 9.)  Defendants stated in their January 4 correspondence to |
| 13 | plaintiff that they "believe [the parties] can prepare a |
| 14 | stipulation for the court to correctly name [RTU LP]" as a |
| 15 | defendant in this action.  (Id..) |
| 16 | After January 4, plaintiff again experienced |
| 17 | difficulties communicating with defendants due to "Defendant[s'] |
| 18 | counsel's medical issues and other schedule conflicts."  (Id. ¶ |
| 19 | 11.)  The parties were unable to confer regarding the stipulation |
| 20 | discussed on January 4 until late March.  (See id. ¶¶ 11-12.)  On |
| 21 | March 31, defendants informed plaintiff that they "would only |
| 22 | stipulate to add [RTU LP] to this action if [RTU Inc.] was |
| 23 | withdrawn."  (Id. ¶ 16.)  Plaintiff declined to withdraw RTU Inc. |
| 24 | on grounds that his contracts with defendants name RTU Inc. as |
| 25 | the contracting party, RTU Inc. continues to exist as an entity, |
| 26 | and RTU Inc. is, according to defendants, the general partner of |
| 27 | RTU LP.  (See id. ¶ 12; Defs.' Opp'n at 2.)  After declining |
| 28 | defendants' proposed stipulation, plaintiff filed the present |

Motion. (Pl.'s Mot.).

Plaintiff's Motion, now before the court, seeks leave of the court to file a second amended Complaint[3] adding RTU LP as a defendant to this action. (Id.) While defendants have filed an Opposition to plaintiff's Motion, they do not oppose plaintiff naming RTU LP as a defendant in this action. (See Defs.' Opp'n at 1.) The sole reason for defendants' Opposition is their position that RTU LP should be substituted as a defendant in place of RTU Inc., not added as a defendant alongside RTU Inc. (Id.) Because RTU Inc. has "ceased to be an operating entity" and has shifted "all . . . assets and liabilities" to RTU LP, defendants contend, RTU Inc. should be dismissed from this action. (Id. at 1, 3.)

Putting aside the question of whether RTU Inc. should be dismissed from this action, which is not presently before the court, it appears that adding RTU LP as a defendant to this action is proper.

Having issued a scheduling order in August 2016 stating that "no further joinder of parties or amendments to pleadings will be permitted [in this action] except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)," (Aug. 12, 2016 Order at 2 (Docket No. 22)), the court must be shown good cause under Rule 16(b) to allow plaintiff to add RTU LP to this action. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

---

[3] Plaintiff amended his Complaint in May 2016 in response to motions to dismiss brought by defendants. (See FAC; Docket Nos. 4-5).)

5

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by assessing any prejudice that would result to the other parties from allowing amendment. Id. If good cause is shown under Rule 16(b), the court then evaluates the request to amend in light of Federal Rule of Civil Procedure 15(a)'s more liberal standard, id. at 608, which considers, in addition to the factors considered under Rule 16(b), whether the proposed amendment would be futile, see Baisa v. Indymac Fed. Reserve, No. Civ. 2:09-1464 WBS JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

Plaintiff has demonstrated good cause to add RTU LP to this action. Affidavit evidence offered by plaintiff indicates that plaintiff began investigating whether sufficient facts existed to add RTU LP to this action one week after defendants filed their April 27, 2016 notice of motion to dismiss, notifying plaintiff that they believed RTU LP to be the proper entity to sue in this action. (See Boucher Decl. ¶¶ 2-3.) Such evidence further indicates that plaintiff engaged in multiple follow-up attempts to ascertain the reasons for adding RTU LP to this action from May through December 2016, and defendants' counsel's illness likely played a role in plaintiff's inability to ascertain such reasons prior to January 2017. (See id. at ¶¶ 3-8.) Upon learning of RTU LP's putative status as successor entity to RTU Inc., plaintiff took appropriate steps to attempt

to stipulate to adding RTU LP to this action, and when such efforts failed, timely filed the present Motion. (See id. ¶¶ 9-16.)

Defendants neither challenge plaintiff's diligence in investigating RTU LP and bringing this Motion, nor argue that naming RTU LP as a defendant at this stage in the litigation will result in any prejudice to them.[4] They agree that RTU LP should be named as a defendant in this action. (See Defs.' Opp'n at 3.)

In light of the foregoing, the court finds that good cause exists to add RTU LP to this action. Adding RTU LP will clearly not be futile in light of defendants' representation that RTU LP has assumed RTU Inc.'s assets and liabilities. (See id.) Accordingly, the court will grant plaintiff's Motion.

To the extent defendants believe that RTU Inc.'s continued presence in this action is improper, they may separately file a motion to dismiss RTU Inc. from this action or continue attempting to reach a stipulation with plaintiff to that effect.

IT IS THEREFORE ORDERED that plaintiff's Motion for leave to file a second amended complaint to add Registered Tapes Unlimited, LP to this action be, and the same hereby is, GRANTED without prejudice to defendants filing a motion to dismiss Registered Tapes Unlimited, Inc. from this action or the parties filing a stipulation to that effect. Plaintiff shall file a second amended complaint naming Registered Tapes Unlimited, LP as a defendant within ten days of the date this Order is signed.

---

[4] The parties have until September 15, 2017 to complete discovery. (Aug. 12, 2016 Order at 3.)

Dated: May 11, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE