1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT TERRY, et al.,                     No. 2:16-cv-00806-WBS-AC

12            Plaintiffs,

13        v.                                   ORDER

14   REGISTER TAPES UNLIMITED, INC.,
     et al.,
15
             Defendants.
16

17

18          On March 27, 2018, the undersigned granted plaintiff's motion for sanctions and ordered

19   plaintiffs to submit the billing records necessary to calculate fees.  ECF No. 65.  Plaintiffs have

20   done so, and the court hereby orders fees in the amount of $32,452.50.

21                          **I.      Relevant Background**

22          On July 31, 2017, this court granted in part plaintiffs' motion to compel.  ECF No. 52.  As

23   part of this order, the court required the production of several categories of documents, overruled

24   certain privilege objections, and ordered production of a privilege log.  Id.  The parties continued

25   to engage in discovery, including an informal telephone conference with the court on January 11,

26   2018.  ECF 59.  On February 20, 2018, plaintiffs moved for sanctions and to enforce the July 31,

27   2017 discovery order.  ECF No. 60.  On March 27, 2018, following a hearing on the motion, the

28   court granted plaintiffs' motion and ordered that an award of fees as sanctions would follow

1    separately upon the submission of the necessary documentation from plaintiffs.  ECF No. 65.

2    Plaintiffs submitted the necessary documentation on April 2, 2018.  ECF No. 66.  On April 9,

3    2018, defendants filed a response and objections.  ECF No. 67.

## II.    Analysis

5        The parties have not disputed that the appropriate method for computing fees in this case

6    is the lodestar approach, in which the court multiplies the number of hours reasonably expended

7    on the litigation by a reasonable hourly rate.  Cunningham v. City of Los Angeles, 879 F.2d 481,

8    484 (9th Cir. 1988).  In order to reach a determination of total fees owed as sanctions, the court

9    must consider (1) when the billable hours began to run towards sanctions, and (2) the appropriate

10   rates by which to multiply the hours for each billing individual.

11       As to the first matter, the court determines that hours began to run towards sanctions for

12   all discovery-related efforts taking place on or after July 31, 2017.  The court's directives in its

13   July 31, 2017 order were clear, and had defendants complied with that order, no further hours

14   spent on discovery-related conflict would have been necessary.  Thus, the court accepts the hours

15   presented for attorneys and paralegals[1] represented in Table 2 of Robert L. Boucher's

16   Declaration.  ECF No. 66 at 4.

17       With respect to rates, plaintiffs submit lengthy declarations as to why the court should

18   make an upward deviation from the "local rates" previously determined by this court.  The court

19   has recently held rates at $350 per hour for attorneys and $75 per hour for paralegals are

20   appropriate in this district.  Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.,

21   No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. June 9, 2017); see also Ass'n

22   v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal.

23   June 9, 2017), Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist.

24   LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL5698448 at

---

[1]  Two billing individuals reflected in the table, Bates and Baker, are neither attorneys nor
paralegals, but are instead classified as "case managers."  The court finds no reason to include a
fee award for individuals who are neither attorneys nor trained paralegals.  Moreover, the
declarations submitted regarding their time indicate that the bulk of their billed time was for
reading e mails.  See Exhibits H and I.  The hours billed by these individuals are not included in
the fee award.

*3, 2014 U.S. Dist. LEXIS 155980 at *7-8 (E.D. Cal. 2014) (Mueller, J.). Though the court has reviewed the submitted declarations and understands that plaintiff's counsel ordinarily bills at higher rates, the court does not find good cause to deviate from the ordinarily enforced rates in this district. A calculation of plaintiffs' billed time since July 31, 2017 at the accepted local rate yields a fees as sanctions award of $32,452.50, as represented in the table below.

| Biller | Rate | Hours | Total/Person |
|---|---|---|---|
| Bohm (Attorney) | $ 350.00 | 5 | $ 1,750.00 |
| Boucher (Attorney) | $ 350.00 | 52 | $ 18,200.00 |
| Ulmer (Attorney) | $ 250.00 | 37.2 | $ 9,300.00 |
| Patterson (Paralegal) | $ 75.00 | 42.7 | $ 3,202.50 |
|  |  |  |  |
| Total Fees: |  |  | $ 32,452.50 |

### III.    Conclusion

For the reasons explained above, it is hereby ordered that defendants shall pay to plaintiffs $32,452.50 in fees as sanctions within 10 days of this order. Failure to timely comply with this order will result in further sanctions.

IT IS SO ORDERED.

DATED: April 16, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE