The Law Office of David J. Hamilton
David J. Hamilton (SBN 117857)
2299 Bowlin Lane
Twin Falls, Idaho 83301-8102
Telephone: (661) 295-3000
Email: dhamilton@hamiltonlaw.biz

Law Offices of Glenn Powell & Associates, LLC
Glenn Powell  (Pro Hac Vice)
49 Sunset Terrace
P.O. Box 74
Collinsville, CT 06022
Telephone: (860) 693-1747
Email: lawofficesofgpowell@comcast.net

Attorney for Defendants Register Tapes
Unlimited, LP and Register Tapes Unlimited, Inc.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>REGISTER TAPES UNLIMITED, INC., *et al.*,<br><br>Defendants. | **Case No. 2:16-cv-00806-WBS-AC**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION OF AMOUNT OF FEE AWARD REGARDING PLAINTIFF CREST CORPORATION'S APPLICATION FOR SANCTIONS**<br><br>Date:            March 21, 2018<br>Time:            10:00 a.m.<br>Courtroom:    26 |

Defendants Register Tapes Unlimited, Inc. and Register Tapes Unlimited, LP, respectfully request that the Court reconsider the amount of the fee award in it's order of April 16, 2018.   By this request, Defendants are *not* contesting the award of sanctions, only requesting reconsideration of the amount.[1]

In his motion, plaintiff Crest Corporation's counsel, Robert Boucher, explicitly stated that a "*just* award would be to reimburse Plaintiff in the amount

---

[1]Defendants will forward to plaintiffs a check for $32,452.50 – the amount specified in the Court's order – to plaintiff's counsel by April 26, the date set forth in the order, with a request that the check not be cashed until such time as the Court makes a ruling on this request.

1

Defendants' Request for Reconsideration of Amount of Fee Award re Sanctions

of its attorney fees . . . [in the amount of] about **$10,875.00**." Crest Corp.'s Memorandum of Points and Authorities at page 8, lines 14-16. (Document Number 60-1.)  The Court acknowledged this amount in it's March 27, 2018 Order at page 3, lines 15-17.

In Mr. Boucher's sworn declaration, he stated the fees he sought for himself were 18.75 hours at $500.00 per hour ($9,375.00) and 6.00 hours for Derek Ulmer at $250.00 per hour ($1,500.00) for "meeting and conferring, coordinating and preparing for phone calls with the Court, reviewing non-responsive materials Defendant delivered, and drafting motions." Boucher Declaration at ¶ 14 (Document Number 60-1.)

Using the Court's hourly rate of $350.00 per hour for Mr. Boucher, the amount of a just award for Mr. Boucher's time would be $6,562.50 (18.75 hours x $350.00) together with $1,500.00 for Mr. Ulmer for a total award of $8,062.50.

Given Mr. Boucher's representations to the Court in his pleadings that this is a just amount, the defendants respectfully request that the Court reduce it's April 16 award to **$8,062.50.** [2] [3]

---

[2]Since the Court's order of July 31, 2017, the only substantive pleadings filed by the parties in this case are the stipulated protective order (August – which was in the works before the July 31 order), the stipulation to extend certain dates (August), the joint 2-page letter regarding the informal conference (January) and then on February 20, the motion for sanctions.  The only telephone conferences regarding the discovery order were on December 22 and then in early January to discuss the 2–page letter. From July 31, 2017 through February 8, defendants produced 2076 pages of documents including all the documents responsive to RFPs 60, 61, 62, 88, 89 and 91, all extant documents relating to Mr. Terry's commissions including emails to, from or in which Robert Terry appears in the subject line, a sampling of advertising contracts from 2010-17 together with a complete listing of all such contracts from 2010-2017 (defendants had previously provided a summary for 2009-2014), a trade secrets privilege log and extensive declarations supporting the trade secrets claims.  The only documents not produced before February 20 were the Safeway-related documents which the

Defendants' Request for Reconsideration of Amount of Fee Award re Sanctions

Dated: April 23, 2018

David J. Hamilton

_____

David J. Hamilton

defendants believed were trade secrets and adequately supported by declarations (a position which the court overruled).

[3]Defendants acknowledge that the Court might consider appropriate, an award of an additional amount after February 20 for preparing the Reply, appearing at the hearing and preparing declarations regarding fees. Based on the records provided this would be no more than $3,260.00 for the substantive time expended which excludes time for "reviewing emails" and "preparation of time sheets" (the latter a clerical task for which almost two days of time is listed in the declarations).  Mr. Boucher: 5.9 hours at $350/hour; Mr. Bohm: 2.0 hours at $350 hour; Mr. Ulmer: 4.5 hours at $250/hour and Mr. Patterson: 1.6 hours at $75/hour.

Defendants' Request for Reconsideration of Amount of Fee Award re Sanctions