UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REGISTER TAPES UNLIMITED, INC.,<br><br>Defendants. | No. 2:16-cv-00806 WBS AC<br><br><br><br>ORDER |

This matter comes before the court on defendants' request for reconsideration of the undersigned's order awarding fees as sanctions, located at ECF No. 69. Defendants' motion is DENIED.

**I.  Relevant Background**

On February 20, 2018, plaintiffs filed a motion for sanctions and to enforce this court's prior discovery order. ECF No. 60. In this motion, the plaintiffs asked for an award of attorneys' fees and indicated a "just award" would be reimbursement of plaintiffs' motion related fees and expenses in the amount of roughly $10,875. ECF No. 60-1 at 8. Following a hearing, the undersigned granted plaintiffs' motion and found that an award of fees was an appropriate sanction. ECF No. 65 at 8. In this order, the court did not adopt the amount of fees proposed in plaintiffs' motion; instead the court asked plaintiffs for further records, declarations, and documentation that would allow the court to "make a determination regarding the amount of

1

attorneys' fees as sanctions." Id. at 9.

Plaintiffs submitted the requested briefing and documentation on April 2, 2018. ECF No. 66. In this briefing, plaintiffs' suggested several methods which the court might use to determine fees, one of which involved counting hours accrued beginning on the date of the court's original discovery order issued on July 31, 2017. ECF No. 66 at 4; ECF No. 52. Defendants submitted briefing opposing the suggested timeframe, as well as the billing rates and number of billers proposed by the plaintiffs. ECF No. 67. The court considered plaintiffs' briefing and defendants' opposition, and ordered fees in the amount of $32,452.50. ECF No. 68 at 1-2. This fee award reflected an acceptance of plaintiff's proposed timeframe for billing beginning July 31, 2017, but awarded a lower rate than that requested by counsel and fees for fewer than all requested billers. Id. at 2-3.

## II. Analysis

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already considered. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j)

requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

The court will deny defendants' motion for reconsideration because it does not present any new facts, circumstances, or changes in the law meriting reconsideration. Defendants present no new facts that would alter the outcome of the court's previous order. Defendants' only point of argument is that plaintiffs' initial briefing on the motion to compel stated that a "just" award would be about $10,875. This is irrelevant; the court never adopted that number, and expressly requested further briefing on the matter of the fee award. Defendants already made their argument as to the appropriate timeframe for calculation (ECF No. 67), which the court rejected. Defendants cite no new rule of law and provide no factual support whatsoever for their motion for reconsideration. The motion for reconsideration is therefore denied.

### III. Conclusion

Accordingly, defendant's motion for reconsideration (ECF No. 69) is DENIED.

IT IS SO ORDERED.

DATED: April 26, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE