UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, et al., | No. 2:16-cv-00806-WBS-AC |
| Plaintiffs, | |
| v. | ORDER |
| REGISTER TAPES UNLIMITED, INC., et al., | |
| Defendants. | |

The matter before the court is plaintiff's motion for sanctions re violation of court order pursuant to Local Civil Rule 251(e). ECF No. 71. Defendant ("RTUI") submitted a response, ECF No. 73, and plaintiff replied, ECF No. 75. Defendant filed two declarations in opposition to the motion. ECF Nos. 74, 76. The matter came on for hearing before the undersigned on June 27, 2018. ECF No. 77. For the reasons explained below, plaintiff's motion for sanctions is GRANTED but only monetary sanctions are awarded.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

This matter was removed from California State Court on the basis of diversity and federal question jurisdiction on April 19, 2016. ECF No. 1. On May 16, 2017, plaintiff ("Terry") filed a Second Amended Complaint ("SAC"), which is the operative complaint on this matter. ECF No. 36. According to the SAC, Terry was, at all relevant times, an employee of RTUI and a citizen of

1

California.  ECF No. 36 at 2.  From 1998 to 2004, Terry alleges to have entered into contracts with RTUI to sell advertising space and negotiate grocery store servicing contracts on RTUI's behalf, assign grocery store servicing contracts he had previously obtained to RTUI, and provide sales training to RTUI staff.  Id. at 5-7.  The contracts between the parties allegedly provide that RTUI would pay plaintiff various percentages of its revenues as compensation for his services and assignment of contracts.  Id.  Plaintiff alleges he has not been properly compensated under the contracts, and that RTUI has regularly failed or refused to provide proof of profits necessary for plaintiff to ascertain whether proper payments have been made.  Id. at 7-8.

On July 12, 2017, plaintiff filed a motion to compel deposition testimony and to produce a privilege log for all documents withheld from its production and response to plaintiff's requests for production of documents.  ECF No. 47-1 at 2.  In that motion, plaintiff claimed in relevant part that he was entitled to discovery as to defendant's communications with Safeway after 2003, discovery as to financial statements (including gross profits), and that he was entitled to a privilege log describing all responsive documents withheld as privileged.  Id. at 1-2. The undersigned issued an order on this matter July 31, 2017.  ECF No. 52.  On the first point, the undersigned rejected defendant's trade secret privilege argument and held that plaintiff is entitled to information related to

> information related to his potential damages post-2003 (including information related to gross profits, losses, costs, and commissions), information related to negotiations and contractual agreements as to register tapes between Safeway and RTUI post-2003, and information indicating that RTUI was improperly withholding information related to Terry's contractual rights from Terry after 2003.

ECF No. 52 at 7.  The undersigned further ordered that defendant must produce a privilege log for all documents withheld on assertion of privilege.  Id. at 8.  The court directed the parties to submit a stipulated protective order that complied with Local Rule 141.1 to address defendant's privacy concerns.  Id. at 8.  The stipulated protective order was submitted August 14, 2017.  ECF No. 53. The order was approved August 17, 2017.  ECF No. 54.

Pursuant to the parties' stipulation, District Judge Shubb ordered an extension of the discovery deadline to September 7, 2018.  ECF No. 56.  On January 5, 2018, the parties requested

an informal telephonic discovery conference. ECF No. 57. On January 11, 2018, the undersigned held the telephonic conference, during which defendant requested additional time to make the production required by this court's July 31, 2017 order. ECF No. 59. The court granted defendant an extension to February 2, 2018, without prejudice to any motion by plaintiff if full production was not completed by that date. Id.

On February 20, 2018, plaintiff filed a motion for sanctions and to enforce discovery order. ECF No. 60 at 2. In relevant part, plaintiff alleged that (1) defendant failed to produce documents by the February 2, 2018 deadline; (2) defendant made an incomplete production; and (3) defendant produced an inadequate privilege log and continues to withhold certain documents as privileged in contravention of the court's order. ECF No. 60-1 at 4-6. Plaintiff sought "issue sanctions" pursuant to Fed. R. Civ. P.37(b)(2)(A), in which the court deems certain facts at issue in this case established, and monetary sanctions. Id. at 6-11.

The undersigned issued an order on March 27, 2018, granting the motion for sanctions. ECF No. 65. First, the court held that defendant's production was unjustifiably late. Id. at 4. The undersigned held that defendant had multiple options in delivering documents to plaintiffs, and its failure to make its production by the deadline was a sanctionable violation of a court order. Id. at 4. Second, the court held that defendant had not established that its production was full and complete in light of defendant's many assertions related to the volume of documents at issue, in the absence of any verification from defendant that the production was complete. Id. at 4-5. The court stated in unequivocal terms that upon defendant's next production, "defendant must submit a signed verification that the production is, in fact, full and complete." Id.

Third and finally, the court held that defendant's assertions of privilege were deficient. Id. at 5. With respect to defendant's claims of trade secret privilege, the court found defendant's privilege log lacked sufficient information to determine whether privilege applied. Id. at 5-7. Finding defendant failed to meet its burden, the court explicitly overruled defendant's claims of trade secret privilege. Id. at 7. The court found defendant's privilege log further deficient with respect to claims of attorney-client privilege. Id. Finding that the privilege log submitted did not contain information sufficient to determine whether attorney-client privilege applied to any

3

document, the court ordered defendant to produce a privilege log complaint with Fed. R. Civ. P. 26(b)(5) and the court's order. Id. at 7-9. The court ordered that the revised privilege log must: identify the communication by type and date; the identities of all parties to the communication; and the existence of any attorney-client relationship between the parties to the communication." Id. at 8.

The court ordered defendant to produce all documents ordered in the court's initial order at ECF No. 52, "including financial documents and documents related to negotiation and contractual agreements between Safeway and defendant from 2008 and 2009 as specified in this court's prior order, together with a verification that no other responsive documents exist" within 10 days of the order. Id. at 9. The court further ordered that, if defendant wished to maintain claims of attorney-client privilege, that it produce a proper privilege log within 10 days. No issue sanctions were granted; the court granted monetary sanctions in the amount of $32,452.50. ECF Nos. 65, 68. Plaintiff filed the motion at bar on May 25, 2018. ECF No. 71.

## II. THE MOTION

Plaintiff asserts three grounds for sanctions: (1) the documents defendant produced violate the court's prior orders because key information was redacted; (2) defendant is withholding relevant documents and is making less than a full production of documents; and (3) the privilege log defendant submitted failed to comply with the court order. ECF No. 71-1 at 5-8. Plaintiff seeks issue sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). Id. at 9-12. In addition, plaintiff seeks monetary sanctions in the amount of $4,862.50 to cover the attorney fees expended fighting for the ordered materials. Id. at 12. Defendant opposes the motion and argues it has met all its discovery obligations, including the specific requirements imposed by the court's prior orders.[1]
ECF No. 73.

////

////

---

[1] In the briefing, defendant references the meet and confer process, or lack thereof, in relation to plaintiff's motion. ECF No. 73 at 2-5. Defendant does not appear to be making any claim that plaintiff's motion is somehow procedurally improper, and the issue is therefore not properly before the court.

4

# III. ANALYSIS

A. <u>Defendant's production of documents is deficient, warranting sanctions</u>

   *1. Defendant improperly redacted documents previously ordered produced*

The documents that defendant produced to plaintiff pursuant to this court's previous orders, including the Safeway contracts, were heavily redacted. The court never authorized redaction. <u>See</u> ECF Nos. 52 (order granting motion to compel), 65 (order granting sanctions). Defendant's unauthorized redaction of material including key financial information and dates constitutes sanctionable discovery misconduct.

On the present motion, the parties dispute whether the court's order to produce "information related to negotiations and contractual agreements as to register tapes between Safeway and RTUI" includes certain dates, numbers, clauses, and financial information. ECF No 71-1 at 25-6; ECF No. 73 at 7-9. Defendant relies on a statement that plaintiff's counsel made at an earlier hearing, indicating that plaintiff was trying to confirm the existence of certain contracts and did not care if details were redacted. ECF No. 76 at 4-5; ECF No. 73 at 7-8. Defendant asserts that it took plaintiff at its word and redacted the financial information. <u>Id.</u> at 8. It further asserts that plaintiff is in possession of the information that has been redacted, and goes on to list the documents that were provided to plaintiff. <u>Id.</u> at 8-9.

This court has ordered, repeatedly and unequivocally, that plaintiff is entitled "to information related to his *potential damages* post-2003 (including information related to gross profits, losses, costs, and commissions), [and] information related to negotiations and contractual agreements as to register tapes between Safeway and RTUI post-2003[.]" ECF No. 52 at 7 (emphasis added); <u>see also</u>, ECF No. 65. In granting the compelled production of documents, the court did not grant defendant carte blanche to reveal parts of the responsive documents and not others. The court's discussion of the relevance of information went to the discoverability of documents containing that information, it did not authorize the withholding of any other information within the documents.

Defendant's reliance on opposing counsel's offhand remark at the hearing on plaintiff's motion to compel is unavailing. <u>See</u> ECF No. 73 at 7 (contending that plaintiff's counsel stated

on the record at the March 21, 2018 hearing that "it did not matter to him if the financial information in the contracts was redacted."). The court has reviewed the recording of the hearing and the partial transcript provided by defendant. ECF No. 76. On March 21, 2018 at approximately 10:27 A.M., while discussing the fact that defendant continued to withhold the Safeway/RTUI contracts despite the court's prior order, plaintiff's counsel said: "We don't need the details of the contracts. They could be redacted. . . . We just want to know they exist." Id. at 4. Moments later, counsel stated that it was attempting to prove "RTUI was like 'gearing up' to get Safeway back on board." Id. at 5.

Taking a very generous view, it is conceivable that this statement created some ambiguity regarding the information plaintiff sought. However, the context of the hearing makes clear that by "details" plaintiff's counsel did not mean key financial information and dates. Indeed, plaintiff has repeatedly demanded, and the court has ordered produced, such information. See, e.g., ECF No. 65 at 9 (ordering defendant to produce "financial documents and documents related to negotiation and contractual agreements between Safeway and defendant from 2008 and 2009 as specified in this court's prior order[.]")[2] More importantly, this court's order granting the motion to compel did not adopt any limitation based on the comment that defense counsel now asserts as a binding concession. Absent a meeting of the minds between the parties, the absence of which is abundantly clear, defendant was not free to amend the court-ordered production.

Defendant makes a secondary argument that it need not produce un-redacted versions of the documents at issue because plaintiff has the information it needs in other documents, much of which was produced "[w]ell before the March 21, 2018 hearing[.]" ECF No. 73 at 8. This

---

[2] Even if plaintiff's counsel's statement at the hearing could be taken as permission for defendant to redact certain information in the Safeway/RTUI contracts, it cannot possibly be construed as a blanket blessing for the redaction of "details" in other documents. Plaintiff's instant motion is not limited to the improper redactions in the Safeway/RTUI contracts; it specifically points to other documents, such as an April 25, 2014 email, in which key information was redacted without cause or explanation. ECF No. 71-1 at 5. Defendant's reliance on plaintiff's counsel's in-court statement leaves unaddressed plaintiff's contention that defendant "redacted relevant and court-ordered information on over 100 pages of documents including the financial information in dispute (i.e. cost of tape, commissions) as well as evidence of negotiations and contractual agreements between Safeway and RTUI." ECF No. 71-1 at 6.

argument is not persuasive.  First, by granting the March 2018 motion to compel the court has already determined that any documents previously produced did not negate the need for a further production.  ECF No. 65.  Second, defendant points to no authority that suggests the production of some documents containing particular relevant information somehow absolves the producing party of the need to produce other, non-duplicate, relevant documents containing the same or similar information.  The court is aware of no such authority.

Defendant's lack of compliance with previous court orders on this matter is sanctionable.  Plaintiff has not, in this motion, moved to compel production of the redacted documents in their unredacted form, so the court can provide no such remedy now, despite finding that the redactions are improper.  For the sake of absolute clarity, it is the court's finding that defendant had no legitimate basis for redaction of the contracts or other responsive documents at issue, and that defendant should produce to plaintiff unredacted versions of each document previously produced in redacted form.  The court cautions defendant that any future conduct which necessitates a further motion to compel with respect to the production of the unredacted documents will expose defendant to sanctions far more serious than those imposed below.

The court GRANTS plaintiff's motion for sanctions on this matter.

2. *Plaintiff has not established that defendant has withheld documents that were previously ordered produced*

   a. *Defendant's verification satisfies its obligation regarding completeness of the ordered production*

Plaintiff remains suspicious that defendant's production remains less than complete.  On March 26, 2018, in light of similar concerns, the court ordered defendants to produce all responsive documents previously ordered produced and submit a signed verification that the production was full and complete.  ECF No. 65 at 4-5.  As a result, defendant produced 1,129 additional pages of documents.  ECF No. 71-1.  It also provided a declaration by Edward Endsley, in which he stated: "Based on my knowledge of the relationship between Safeway and RTUI regarding register tape, there are no other documents that [sic.] other than those identified in the privilege log and on information and belief, there are no other register tape-related

documents for the time period of December 2003 through June 2008 other than those that have been provided by RTUI or which are already in Crest's possession[.] . . . I believe that RTU has identified and, in conjunction with this declaration, produced all the documents ordered to be produced by the Court in its orders of July 2017 and March 2018 regarding register tape contracts and negotiations with Safeway post-2003." ECF No. 71-6 at 3-4.

Plaintiff relies on circumstantial evidence for the proposition that additional documents must exist, and argues that Endsley's declaration is contradicted by other documents and representations. ECF No. 71-1 at 7. Plaintiff contends that over 500 pages of the supplemental production consisted of sales charts or spreadsheets, 100 were copies or drafts of contracts (including 5 of the same contract), 100 pages were irrelevant data sheets, and only about 400 pages of emails were provided despite them admitting to possessing tens of thousands of emails. ECF 71-1 at 7. Plaintiff asserts that other emails must exist. Id. Defendant provides a declaration from Ashley Mate that thoroughly describes the process that was undergone in collecting emails. ECF No. 71-1 at 3-4.

In light of defendant's verification, plaintiff's speculation about the existence of additional documents cannot succeed. Defendant has done exactly what the court required it to do: it submitted a verification that it has produced or accounted for by privilege log all extant responsive documents within the scope of the court's order. Compare ECF No. 65 at 9 and ECF No. 71-6 at 4-5. Plaintiff's reliance on the "sham affidavit rule" is misplaced. As articulated by the Ninth Circuit, the sham affidavit rule, which applies in the summary judgment context, "is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (internal quotations omitted). This summary judgment principle has no application here. While the court understands plaintiff's suspicions, plaintiff has not demonstrated that the verification is false. Because defendant has complied with the court's express order to provide a verification that it has produced all ordered documents, sanctions are not warranted on this basis.

////

////

*b. Documents prior to 2003 have not been addressed by this court*

Defendant's failure to produce pre-2003 documents is not sanctionable – not necessarily because defendant is not required to produce such documents, but because pre-2003 documents have never been the subject of a motion to compel before this court. Defendant asserts it has provided all post-2003 documents and necessary other financial information, and has no obligation to produce documents before 2003. ECF No. 73 at 5-14. Defendant specifically contends that the fact that the court's prior orders addressed only post-2003 documents relieves it of any duty to produce pre-2003 documents. ECF No. 73 at 6-7 ("It is abundantly evident clear that the Court has excluded documents from 2003 and earlier from its order.") Defendant is incorrect, however – the court has not relieved it of its obligation to produce pre-2003 documents.

In the two motions to compel brought before this court, pre-2003 documents were not at issue and the court did not rule on the need for their production. ECF Nos. 52, 65. Because pre-2003 documents were not at issue, the court did not make any ruling about those documents. Defendant cannot rely on the absence of a ruling on an issue not before the court as an excuse not to produce. Were defendant to make such an argument in response to a motion to compel, it would not be well received. Nonetheless, because no motion to compel has been brought with respect to those documents, they are not a proper basis for sanctions at this juncture.

*3. Defendant's privilege log is not deficient*

Defendant's privilege log is adequate. Plaintiff asserts that defendant's privilege log remains deficient because (1) disclosed e-mails describe the subject line of the e-mail and not the contents; (2) several attorney-client privilege entries did not initially contain an attorney in the sender or receiver column, until defendant corrected the log to add defense counsel's name to those entries; and (3) defendant did not include redacted documents in the privilege log. ECF No. 71-1 at 8-9. Plaintiff requests an in-camera inspection of the log. Id. at 9.

An in-camera review is not necessary because defendant's privilege log complies with the court's prior orders and the Federal Rules of Civil Procedure. As this court previously ordered, a privilege log making claims of attorney-client privilege must comply with Fed R. Civ. P. 26(b)(5) and "together with any supporting declaration, provide the information necessary to make a prima

9

facie showing that any withheld documents constitute confidential attorney-client communications." ECF No. 65 at 7-8. This includes: "identification of the communication by type and date; the identities of all parties to the communication; and the existence of an attorney-client relationship between the parties to the communication." Id. at 8. Defendant's privilege log meets these requirements; the court will not infer nefarious conduct from defense counsel making corrections to add an attorney name to certain entries, especially where the document description indicated each document was attorney-client privileged. See ECF No. 71-8 (entries 47, 48, 62, 89, 97, 99, 101, 102, 116).

Plaintiff's contention that the privilege log still fails to comply with the court's order because hundreds of redacted pages are not included would be valid if the redactions were based on privilege, but that is not the case here. ECF No. 71-1 at 8-9. Documents which are redacted based on privilege must be accounted for in a privilege log. See, e.g., Franco-Gonzalez v. Holder, No. CV 10-2211-DMG DTBX, 2013 WL 8116823, at *5 (C.D. Cal. May 3, 2013). However, as discussed above, defendant does not base its redactions on grounds of privilege; it instead erroneously redacted based on plaintiff's in-court statement that "details" of the Safeway/RTUI contracts could be redacted. Because the redactions, while improper, are not based on privilege, they need not be reflected in a privilege log. Defendant's privilege log provides no additional grounds for sanctions.

B. Plaintiff's request for monetary sanctions is granted, issue sanctions are denied

Defendant's redaction of responsive information previously ordered produced warrants monetary sanctions. Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b). "Just orders" may include "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims[.]" Fed.R.Civ.P. 37(b)(2)(A)(i). In addition, Rule 37 provides for an award of monetary sanctions: "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses

unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added).

Although the appropriateness of any particular sanction is within the discretion of the court, the Ninth Circuit has identified factors that the courts should consider in issuing discovery sanctions. Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir.1997). The following factors are to be considered: "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; [and] (5) the availability of less drastic sanctions." Id.

*1. Issue sanctions are not warranted*

Plaintiff seeks sanctions in the form of a court order establishing nine specific facts. ECF No. 71-1 at 11-12. Were these facts to be deemed true, they would prove the lion's share of plaintiff's case. The factors which guide the court's exercise of discretion, Wendt, 125 F.3d at 814, disfavor that result.

The concerns regarding expeditious litigation and the court's need to manage its docket are minimal; the discovery deadline in this case is September 7, 2018. ECF No. 56. Plaintiff still has time to bring another motion to compel without requiring the court to re-set any deadlines. In fact, given the court's clear statements on the issues of defendant's improper redactions and the absence of the court's permission to withhold pre-2003 documents, defendants can be expected to make the necessary supplements to their production without need for another discovery motion. The risk of prejudice to defendant, and the public policy favoring a resolution on the merits, both weigh against issue sanctions at this juncture. Granting issue sanctions could be dispositive in this case, precluding a true ruling on the merits and would therefore clearly prejudice defendant. Finally, as discussed below, less drastic sanctions are available and appropriate.

*2. Monetary sanctions are appropriate*

Plaintiff requests monetary sanctions in the amount of $4,862.50, and the court finds that amount appropriate in light of defendant's improper redactions. Rule 37 provides for an award for monetary sanctions in the event of discovery abuse. Fed. R. Civ. P. 37(b)(2)(C). The appropriate method for computing fees in this case is the lodestar approach, in which the court

11

| 1 | multiples the number of hours reasonably expended on the litigation by a reasonable hourly rate.
| 2 | Cunningham v. City of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988).
| 3 |       Plaintiff asserts that a just reward would be to reimburse plaintiff for its attorney fees
| 4 | expended fighting for the ordered materials in the amount of $4,862.50.  ECF No. 71-1 at 12;
| 5 | ECF No. 71-2 at 5.  Plaintiff correctly notes that the court has established Mr. Boucher's hourly
| 6 | rate at $350, and Mr. Ulmer's hourly rate at $250.  ECF No. 71-2 at 5.  Mr. Boucher's declaration
| 7 | states that he spent 6.75 hours on this project, and Mr. Boucher spent 10 hours.  Id.  The court
| 8 | accepts Mr. Bohm's declaration as to hours expended, and plaintiff's request for monetary
| 9 | sanctions in the amount of $4,862.50 is GRANTED.

## IV. CONCLUSION

Plaintiffs motion for sanctions is GRANTED.  Monetary sanctions in the amount of $4,862.50 are awarded to plaintiff and payable by defendant within 14 days of this order.

DATED: June 29, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE