Lawrance A. Bohm (SBN: 208716)
lbohm@bohmlaw.com
Derek K. Ulmer (SBN: 318255)
dulmer@bohmlaw.com
**BOHM LAW GROUP, INC.**
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834
Telephone:  866.920.9212
Facsimile:   916.927.2046

Robert L. Boucher (SBN: 244760)
robert@boucher-law.com
**BOUCHER LAW**
2121 Natomas Crossing Drive, Suite 200-239
Sacramento, CA 95834
Telephone:  916.974.9756

Attorneys for Plaintiffs,
ROBERT TERRY,
CREST CORPORATION,
and CREST IRREVOCABLE BUSINESS
TRUST DBA FREEDOM MEDIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, CREST CORPORATION, and CREST IRREVOCABLE BUSINESS TRUST DBA FREEDOM MEDIA,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>REGISTER TAPES UNLIMITED, INC.; EDWARD "DOUG" ENDSLEY; ASHLEY MATE; and DOES 1 through 50, inclusive,<br><br>　　Defendants. | Case No.:  2:16-cv-00806-WBS-AC<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS**<br><br>*Assigned to Honorable Allison Claire for All Purposed; Courtroom 26*<br><br>Hearing Date:　March 20, 2019<br>Time:　　　　　10:00 a.m.<br>Courtroom:　　26<br><br>Complaint Filed:　November 22, 2015<br>Trial Date:　　　　April 2, 2019 |

///

///

1

**Crest Corp.'s Reply ISO its Motion for Sanctions Against Defendant for Violation of Court Order**
*Terry, et al. v. Register Tapes Unlimited, Inc., et al.*
Case No.: 2:16-cv-00806-WBS-AC

Lawrance A. Bohm, Esq.
Robert L. Boucher, Esq.
Derek K. Ulmer, Esq.

**A.      Defendant's opposition papers are procedurally deficient and the Court should disregard Defendant's opposition.**

Defendant's opposition and supporting affidavit was due on June 13, 2018, 14 days before the June 27, 2018 hearing on the instant matter — this includes supporting materials. (United States District Court, Eastern District of California Local Rules ("LR") 230(c) (opposition due 14 days before the hearing;), 230(h) (affidavits may be filed along with opposition), 142(a)(2) (affidavits must "be served on all other parties and filed *with* the motion."); 230(c) (No party will be entitled to be heard in an opposition to a motion at oral arguments if opposition to that motion has not been timely filed by that party).) Defendant filed its memorandum of points and authorities on March 6, 2019, timely. However, Defendant did not provide an affidavit in support of its memorandum of points and authorities.

Because of these deficiencies, the Court is entitled to disregard the opposition and prevent Defendant from making oral argument (LR 230(c).)

**B.      Defendant has not provided the necessary sales data to Plaintiffs.**

Defendant claims it has provided all the sales information regarding Safeway from 2009 through 2017. Defendant alleges a 125-page document produced to Plaintiff supports this claim. This document supposedly lists every contract placed at a Safeway store, and therefore, contain every bit of sales information regarding Safeway. However, Defendant then proceeds to admit Plaintiffs' position is accurate; that the numbers in the document may not be accurate or complete. Defendant explains, "the amount received may be less than the contract price based on a number of factors including bankruptcy, other non-payment, cancellation or revisions to a contract." In other words, the 125-page document is an unreliable source to determine sales data. This is evident by Defendant's refusal to authenticate the 125-page document as a complete and accurate record of its sales data. Instead, Defendant provided a large amount of sales data to Plaintiff, waited until Plaintiff expended a great deal of time and resources in making calculations based on the data provided, and is now claiming that the data is not accurate after the fact. Defendant cannot have it both ways.

///

2

**Crest Corp.'s Reply ISO its Motion for Sanctions Against Defendant for Violation of Court Order**
*Terry, et al. v. Register Tapes Unlimited, Inc., et al.*
Case No.: 2:16-cv-00806-WBS-AC

Lawrance A. Bohm, Esq.
Robert L. Boucher, Esq.
Derek K. Ulmer, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

Plaintiff requests the Court order Defendant to provide proof of actual sales numbers that factor in bankruptcy, other non-payment, cancellation or revisions to a contract in a form that does not require extensive calculations. In the alternative, Plaintiff requests the Court grant the proposed issue sanction that determine the numbers on the P&L statement be accepted as fact. (Issue sanction: g. and h.)

**C.  Defendant must provide "administrative" and "bad debt" costs unless it declares they are irrelevant to the 1999 Freedom Media-RTUI formula.**

Defendant wonders why Plaintiff is seeking documents regarding administrative costs, noting, "If administrative costs are added to the formula, the losses under the formula increase!" Defendant wonders why Plaintiff is also seeking documents regarding bad debt, noting, "The "bad debt" numbers are not helpful in the least to Plaintiffs' as they, in effect, lower the income numbers." The answer is simple. Plaintiff is acting in good faith to determine Plaintiffs' *actual* damages, not to fabricate them by avoiding costs that would have a negative effect on Plaintiff's damages.

However, based on Defendant's opposition, it seems Defendant's position is that "administrative" costs and "bad debt" were *not* part of the equation in determining "Gross Profit" based on the 1999 Freedom Media-RTUI formula. Surely, it is the reason Defendant provides as its excuse for failing to provide documents. To support this claim, Defendant testifies that the formula was "simple, easy to do," it consisted of "sales less the expenses for tape and – blank and printed, and cost of sales [i.e., commissions]." Obviously, Defendant's statement removes Plaintiffs' need for documents pertaining to "administrative" and "bad debt" costs, because it appears Defendant is no longer claiming the 1999 Freedom Media-RTUI formula consists of any numbers other than sales, cost of tape, and commissions. However, Plaintiff requires an order to preclude Defendant from claiming these expenses effected profit in the future, if they are to give up pursuit of production of documents relating to these costs. For this reason, the Court should grant Plaintiffs' issue sanctions determining Defendant incurred no "administrative" or "bad debt" costs. (Issue sanction: d. and e.) In the alternative, Plaintiff would accept declarations from Defendant saying as much.

**Crest Corp.'s Reply ISO its Motion for Sanctions Against Defendant for Violation of Court Order**
*Terry, et al. v. Register Tapes Unlimited, Inc., et al.*
Case No.: 2:16-cv-00806-WBS-AC

Lawrance A. Bohm, Esq.
Robert L. Boucher, Esq.
Derek K. Ulmer, Esq.

**D.  Defendant provided insufficient and misleading information regarding cost of thermal tape.**

Defendant claims it has provided Plaintiff with information proving costs of tape. Defendant points to a spreadsheet to support its claim (Bates No. RTU adv Terry – 04560). However, this "spreadsheet" does not contain any proof of the actual cost of tape. The spreadsheet appears to have been prepared for purposes of this litigation and the numbers, when compared to the numbers on other documents, do not balance out. Defendant's explanation is that the cost of tape, as evidenced on some of the documents, is not actually the cost of tape as it applies to Plaintiffs' claim of damages. This again is Defendant's method of providing documents, waiting until Plaintiffs rely on the data in those documents, expend a great deal of time and resources in making calculations based on the data provided, only to claim the data is not accurate after the fact. Plaintiff simply wants documents that prove the cost of tape charged to Safeway each year in order to calculate Plaintiffs' damages. Defendant has refused to provide such documents. For this reason, the Court should grant Plaintiffs' issue sanction determining the cost of tape, and as based on evidence provided. (Issue sanction: f.)

**E.  The Court should grant all of Plaintiffs' requested sanctions.**

Defendant argues that Plaintiffs' issue sanctions should be denied because *some* are unrelated to the discovery raised in this motion. Defendant does not seem to understand issue sanctions do not need to be in direct relation to the discovery issues being brought by the operative motion, but rather they are a punitive measure to ensure a party does not continue to abuse the discovery process. *Defendant has not yet received this message*. This is evident in Defendant's continued refusal to produce documents, refusal to participate in meet and confer efforts, and continued obstruction of Plaintiffs' attempt to collect information. Defendant also argues that the issue sanctions Plaintiffs' requested are not supported by fact. However, it is Defendant that has refused to produce the documents from which the facts can be ascertained.

///

///

///

4

**Crest Corp.'s Reply ISO its Motion for Sanctions Against Defendant for Violation of Court Order**
*Terry, et al. v. Register Tapes Unlimited, Inc., et al.*
Case No.: 2:16-cv-00806-WBS-AC

Lawrance A. Bohm, Esq.
Robert L. Boucher, Esq.
Derek K. Ulmer, Esq.

For these reasons, the Court should grant all of Plaintiffs' requested issue sanctions, as well as monetary sanctions for causing Plaintiff to bring this motion. In the least, the Court should, grant Plaintiffs' monetary sanctions *and* the issue sanctions, discussed above, directly related to the discovery dispute at hand.

**F.   Plaintiff inadvertently attached documents subject to protective order.**

Plaintiffs' Exhibit K contains documents marked as confidential. The documents were attached inadvertently, will be removed from public viewing, and Plaintiff will follow the procedures outlined in Local Rule 251 regarding this dispute, pursuant to the Standing Protective Order. (ECF 54.) However, enforcing sanctions against Plaintiffs for an oversight is not warranted and should be denied.

**G.   Conclusion.**

For the foregoing reasons and the reasons argued in the instant motion, issue and monetary sanctions are warranted.

Date: March 13, 2019                                   By:     */s/ Derek Ulmer, Esq.*
                                                                        LAWRANCE A. BOHM, ESQ.
                                                                        ROBERT L. BOUCHER, ESQ.
                                                                        DEREK K. ULMER, ESQ.

                                                                        Attorneys for Plaintiffs,
                                                                        ROBERT TERRY, CREST
                                                                        CORPORATION, and CREST
                                                                        IRREVOCABLE BUSINESS
                                                                        TRUST DBA FREEDOM MEDIA

5

**Crest Corp.'s Reply ISO its Motion for Sanctions Against Defendant for Violation of Court Order**
*Terry, et al. v. Register Tapes Unlimited, Inc., et al.*
Case No.: 2:16-cv-00806-WBS-AC

Lawrance A. Bohm, Esq.
Robert L. Boucher, Esq.
Derek K. Ulmer, Esq.