| | |
|---|---|
| 1 | MEYLAN DAVITT JAIN AREVIAN & KIM LLP |
| | Peter J. Most (SBN 143963) |
| 2 | Email: pmost@MDJAlaw.com |
| | 444 South Flower Street, Suite 1850 |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 225-6000 |
| 4 | Facsimile: (213) 225-6660 |

THE LAW OFFICE OF DAVID J. HAMILTON
David J. Hamilton (SBN 117857)
 Email: dhamilton@hamiltonlaw.biz
2299 Bowlin Lane
Twin Falls, ID 83301-8102
Telephone: (661) 373-610

LAW OFFICES OF GLENN POWELL & ASSOCIATES, LLC
Glenn Powell (Pro Hac Vice)
 Email: lawofficesofgpowell@comcast.net
49 Sunset Terrace, P.O. Box 74
Collinsville, CT 06022
Telephone: (860) 693-1747

Attorneys for Defendants Register Tapes Unlimited, Inc.
and Register Tapes Unlimited, L.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, CREST CORP., and CREST IRREVOCABLE BUSINESS TRUST dba FREEDOM MEDIA,<br><br>Plaintiffs,<br><br>v.<br><br>REGISTER TAPES UNLIMITED, INC. and REGISTER TAPES UNLIMITED, L.P.,<br><br>Defendants. | CASE NO. 2:16-cv-00806-WBS-AC<br><br>**DEFENDANTS' REQUEST FOR LEAVE TO FILE OVERSIZED JOINT STATEMENT RE: DISCOVERY DISAGREEMENT; [~~PROPOSED~~] ORDER**<br><br>Date: February 26, 2020<br>Time: 10:00 a.m.<br>Courtroom: 26 (8th Floor)<br>Magistrate Judge: Hon. Allison Claire<br><br>Complaint Filed: January 26, 2016<br>Trial Date: November 3, 2020 |

## I. INTRODUCTION

Defendants Register Tapes Unlimited, Inc. and Register Tapes Unlimited, L.P. (collectively "RTU") request leave of Court to file an oversized Joint Statement Re: Discovery Dispute in connection with the pending motion to compel and for expenses. [Dkt. 135].

## II. REQUEST

On February 7, 2020, RTU filed its Second Amended and Rescheduled Notice of Motion and Motion to Compel Responses to Interrogatories and Production of Documents Pursuant to FRCP 37. [Dkt. 135]. Pursuant to E.D. Cal. L.R. 251(c), the grounds for RTU's motion, including substantive argument and supporting declarations and exhibits, will be submitted with and attached to a forthcoming Joint Statement Re: Discovery Disagreement.

Local Rules require that a Joint Statement "specify with particularity the following matters: (1) The details of the conference or conferences; (2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof." E.D. Cal. L.R. 251(c). Further, "[e]ach specific … item objected to … and the objection thereto, shall be reproduced in full" in the Joint Statement. *Id*.

Pursuant to this Court's Standing Order concerning discovery disputes, "[a]bsent leave of court for good cause shown, the Joint Statement is limited to 25 pages, exclusive of exhibits and tables (if any)." *See* <www.caed.uscourts.gov/caednew/assets/File/Judge Claire Standing Orders.pdf> (the "Standing Order," 2).

"Good cause" exists for the Court to grant leave to file an oversized Joint Statement in connection with RTU's pending Motion. [Dkt. 135]. Among other things, RTU's Motion seeks to compel Plaintiffs Terry, Crest Corporation and Freedom Media to each respond to 23 interrogatories (a total of 69 interrogatories) set forth in RTU's First Set of Interrogatories. To date, each plaintiff has asserted a duplicate set of about a half-page of boilerplate objections to each interrogatory and failed to provide any substantive response to every interrogatory. As a result, RTU's mere compliance with E.D. Cal. L.R. 251(c)'s requirement that "[e]ach specific . . . item objected to . . . and the objection

- 1 -
Case No. 2:16-CV-00806-WBS-AC

MEYLAN DAVITT
JAIN AREVIAN & KIM LLP

RTU'S REQUEST FOR LEAVE TO FILE OVERSIZED JOINT STATEMENT RE: DISCOVERY DISPUTE

thereto, [] be reproduced in full," alone, would consume substantially more pages than the 25-page limit permitted by the Court's Standing Order. If it is fair to assume that each interrogatory, each objection, and the parties' contentions regarding each interrogatory require 1.5 pages, the Joint Statement will require approximately 100 pages just to address Plaintiffs' failure to respond to each interrogatory in RTU's First Set of Interrogatories.[1]

In addition to Plaintiffs' boilerplate objections to 69 interrogatories, Terry has asserted boilerplate objections of approximately one-half page each to the following Requests for Production set forth in RTU's Second Set of Request for Production of Documents:

(1) <u>Crest Corp./Freedom Media Financial and Business Records</u>: 164-171; 175-182; 189-190; 192-193; 196-197; 213-214; 216; 217; 219; 224-225; 228-229; 233-234; 238-239; 247-250; 255-258; 266-269; 274-277; 282-285; 316; 319-320; 350-351; 355-356;

(2) <u>Terry Auto Accident Records</u>: 294, 295, 311-314, 369, 375-376;

(3) <u>Terry Attorney Suit Records</u>: 294, 295, 311, 314, 369; and

(4) <u>Terry Medical Condition Records</u>: 294-304, 308-314, 326, 362, 370-72.

Together, Terry has objected separately to nearly 100 individual requests that are at issue.[2] If it is fair to assume that each request for production, each objection, and the parties' contentions regarding each request requires about 1.5 pages, the Joint Statement will likewise require over 100 pages to address Terry's failure to produce documents responsive to RTU's Second Set of Requests for Documents.

The Motions set forth a few additional discovery disagreements. It is fair to assume the remaining discovery matters could be addressed in approximately 15 pages.

Accordingly, RTU suggests – without knowing the extent of Plaintiffs' yet-to-be developed argument in opposition – that an increased page limit to 180 pages would be appropriate in this

---

[1] RTU served identical interrogatories to Plaintiffs Crest Corp. and Freedom Media. Crest Corp. and Freedom Media served identical boilerplate objections to every single interrogatory served. If permitted to be coupled together, their 46 interrogatories could be halved to 23.

[2] Terry interposed boilerplate objections and provided *no* substantive responses to any of the 215 requests included in RTU's Second Set of Requests for Production of Documents served on Terry. RTU is moving to compel only with respect to 94 document requests.

- 2 -

Case No. 2:16-CV-00806-WBS-AC
MEYLAN DAVITT
JAIN AREVIAN & KIM LLP
RTU'S REQUEST FOR LEAVE TO FILE OVERSIZED JOINT STATEMENT RE: DISCOVERY DISPUTE

instance. RTU is making this Request out of an abundance of caution due to the pending time constraints. Following RTU's filing of the Motion, Plaintiffs agreed to participate in yet another meet and confer on Tuesday, February 18, 2020. Although RTU is hopeful that certain of the discovery disagreements resolve at the meeting, due to the time constraints concerning the filing deadline for the Joint Statement (February 26, 2020), RTU is submitting this Request now.

RTU is aware of Local Rule 251(c)'s guidance that:

> When an objection is raised to a number of items or a general protective order is sought that is related to a number of specific items, the arguments and briefing need not be repeated.

Local Rule 251(c). Consistent with that rule, RTU will make every effort to be brief and avoid unnecessary repetition, being mindful that overlong briefs are a burden on the Court. Given the number of requests currently at issue, however, and using the estimate of approximately 1.5 pages per non-identical interrogatory and document request, RTU believes that an increase to 180 pages is reasonable and necessary. RTU anticipates that the Joint Statement will require substantially fewer pages depending on the number of interrogatories and requests for production Plaintiffs agree to respond to without further objection, without prejudice for RTU to renew its motion if Plaintiffs fail to adequately respond.

### III. CONCLUSION

For the reasons set forth, RTU respectfully requests leave of Court to file an oversized Joint Statement Re: Discovery Dispute of 180 pages, which page limit is subject to further reduction, in connection with the RTU's Motion to Compel. [Dkt. 135].

DATED: February 11, 2020

Respectfully submitted,

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
Peter J. Most
Robert L. Meylan

LAW OFFICE OF DAVID J. HAMILTON
David J. Hamilton

LAW OFFICES OF GLENN POWELL & ASSOCIATES, LLC
Glenn Powell

By: /s/ Peter J. Most
    Peter J. Most
Attorneys for Defendants
Register Tape Unlimited, Inc. and Register Tapes Unlimited, L.P.

# [~~PROPOSED~~] ORDER

GOOD CAUSE shown, the Court GRANTS Defendants Register Tapes Unlimited, Inc. and Register Tapes Unlimited, L.P.'s request for leave to file an oversized Joint Statement Re: Discovery Dispute in connection with the pending motions to compel and for sanctions [Dkt 135]. The Court permits the filing of a Joint Statement up to one hundred fifty (150) pages in length, which page limit shall be reduced to the extent specific interrogatories and document requests are no longer at issue as of the filing of the Joint Statement Re: Discovery Dispute.

The parties shall comply with the requirements of E.D. Cal. L.R. 251(c).

**IT IS SO ORDERED**.

DATED: February 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE