UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, et al., | No. 2:16-cv-00806 WBS AC |
| Plaintiffs, | |
| v. | ORDER |
| REGISTER TAPES UNLIMITED, et al., | |
| Defendants. | |

Before the court is defendants' motion to allow designation of rebuttal expert witnesses. ECF No. 138. The motion was referred to the undersigned pursuant to Local Rule 302(c)(1) and taken under submission. Upon review of the papers, the motion is GRANTED, for the following reasons.

**I.  Relevant Background**

This matter was removed from California state court on the basis of diversity and federal question jurisdiction on April 19, 2016. ECF No. 1. The scheduling order has been amended several times in this case, often by stipulation. The current close of discovery is July 3, 2020. ECF No. 147. Trial is set for November 3, 2020. ECF No. 127. The deadline to for defendants to depose plaintiffs' experts is August 25, 2020. Id. The expert disclosure deadline was most recently re-set to October 31, 2019 and the rebuttal expert discovery deadline re-set to November 15, 2019. ECF No. 111.

**II. Motion**

Defendants ask the court to allow them to designate rebuttal expert witnesses by April 4, 2020, with rebuttal expert reports due by May 29, 2020. ECF No. 138 at 6.

**III. Analysis**

Defendants' motion will be granted. A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (additional citations omitted). If the moving party acted diligently, "district courts should generally allow amendments of pre-trial orders provided three criteria are met: (1) no substantial injury will be occasioned to the opposing party, (2) refusal to allow the amendment might result in injustice to the movant, and (3) the inconvenience to the court is slight." Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996) (citation and internal quotation marks omitted).

Defendants assert that counsel was diagnosed with a brain tumor in December of 2019. ECF No. 138-1 at 2. Counsel asserts that leading up to his diagnosis, his illness likely prevented him from diligently participating in the discovery/expert disclosure process. Id. In mid-January of 2020, the decision was made that additional counsel would represent defendants in this action. Id. The undersigned finds counsel's illness "good cause" to extend the rebuttal expert deadline, particularly in light of the fact that additional counsel has now been retained. Further, because other relevant deadlines have already been extended, prejudice to the plaintiffs will be minimal. Although the court acknowledges that discovery in this case has been quite drawn out, in light of the circumstances, fairness dictates this result.

////

////

////

////

### III. Conclusion

For the foregoing reasons, the court hereby ORDERS that defendants' motion (ECF No. 138) is GRANTED.

DATED: February 25, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE