UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY, et al., | No. 2:16-cv-0806-WBS-AC |
| Plaintiffs, | |
| v. | ORDER |
| REGISTER TAPES UNLIMITED, INC., a Texas corporation, et al., | |
| Defendants. | |

This matter is before the court on defendant Register Tapes Unlimited ("RTUI") motion to compel responses to a third-party subpoena issued to former plaintiff Crest Corporation. ECF No. 170. Plaintiff Robert Terry submitted a response, ECF No. 172, and Crest Corporation did not submit any opposition. RTUI submitted a reply and supplemental statement. ECF Nos. 174, 175. Having reviewed the arguments, the undersigned DENIES the motion as having been improperly brought in this court.

**I.     RELEVANT FACTUAL AND PROCEDURAL HISTORY**

This action was removed from California State Court on the basis of diversity and federal question jurisdiction on April 19, 2016. ECF No. 1. On May 16, 2017, Terry filed a Second Amended Complaint ("SAC"). ECF No. 36. The SAC is the operative complaint in this matter. Crest Corporation is a former co-plaintiff in this case; it was dismissed from this action no later

than March 3, 2020.  ECF No. 156 at 15, n.2.  Crest Corporation is a Nevada Corporation and the subpoena seeks compliance in Las Vegas, Nevada.  ECF No. 172-1 at 5.

Defendant's motion to compel compliance with a non-party subpoena was filed on May 19, 2020.  ECF No. 170.  Accompanying the motion, defendant submitted a declaration with attached e-mails showing that on April 28, 2020, plaintiff's counsel agreed to accept service of the subpoena on behalf of Crest Corporation, even though Crest had already been dismissed from the action.  On May 6, 2020, six days before Crest's responses were due, plaintiff's counsel informed RTUI that they no longer represented Crest with respect to the third-party subpoena.  ECF No. 170-1.  RTUI declined to extend the response deadline for Crest in order to allow it to find new counsel.  ECF No. 172-1 at 34.

## II.  ANALYSIS

Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that commands a non-party to "produce documents, electronically stored information, or tangible things ..."  Fed. R. Civ. P. 45(a)(1)(C).  A court must modify or quash such a subpoena that fails to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for trial within the state), requires disclosure of privileged or other protected materials, or subjects a person to undue burden.  See Fed. R. Civ. P. 45(d)(3)(A) (i-iv).  The Rule itself contemplates a motion to compel, stating that "[a]t any time, on notice to the commanded person, the serving party may *move the court for the district where compliance is required* for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

On the face of the subpoena at issue, compliance is required in Nevada; the motion to compel should therefore been brought in the United States District Court for the District of Nevada.  Defendant argues that Crest has not previously objected to appearing in this court and thus waived this defense, and Crest does not object now, because only Terry has replied on Crest's behalf.  ECF No. 174 at 2.  The undersigned disagrees that Crest has waived any objection by previously participating in this case; RTUI cites no case law to support the proposition that Crest's previous actions effect a waiver of the venue provision of Fed. R. Civ. P. 45(d)(2)(B)(i).

////

RTUI is, of course, correct that Terry's objection is not Crest's objection, and that Crest has indeed not responded at all to the motion here.

RTUI cites no law supporting the proposition that the court cannot independently enforce this provision of the Federal Rules of Civil Procedure, or that the venue provision of Fed. R. Civ. P. 45(d)(2)(B)(i) is waivable.  Instead, RTUI points to the Advisory Committee Notes from 2013, without quoting them.  ECF No. 174 at 2-3.  Those notes state in relevant part that the 2013 amendments to the Rule "introduce authority in new Rule 45(f) for the court where compliance is required to transfer a subpoena-related motion to the court where the action is pending on consent of the person subject to the subpoena or in exceptional circumstances."  RTUI asks this court to find the step of bringing this motion in the proper venue unnecessary on the grounds that the District Court in Nevada would ultimately transfer the motion back to this court.  The court declines RTUI's invitation to take this shortcut and usurp a decision properly belonging in another district  The Federal Rules require this motion to have been brought in the district where compliance is required, and any decisions regarding transfer properly belong with that court.

### III.  CONCLUSION

For the foregoing reasons, defendant's motion to compel compliance with a third-party subpoena (ECF No. 170) is DENIED.

DATED: June 5, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3