UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGISTER TAPES UNLIMITED, INC., a Texas corporation, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0806 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　This case was recently referred to the undersigned for all pre-trial proceedings in light of plaintiff's pro se status. ECF No. 180. Now before the court is plaintiff Robert Terry's motion for a temporary restraining order. ECF No. 181. Defendants have filed an opposition. ECF No. 183. The undersigned recommends that the motion be DENIED.

　　　**I.　　RELEVANT FACTUAL AND PROCEDURAL HISTORY**

　　　This action was removed from California State Court on the basis of diversity and federal question jurisdiction on April 19, 2016. ECF No. 1. On May 16, 2017, Terry filed a Second Amended Complaint ("SAC"). ECF No. 36. The SAC is the operative complaint in this matter. According to the SAC, plaintiff Robert Terry was, at all relevant times, an employee of defendant Register Tapes Unlimited, Inc. ("RTUI") and a citizen of California. ECF No. 36 at 2.

1

From 1998 to 2004, Terry alleges to have entered into contracts with RTUI to sell advertising space and negotiate grocery store servicing contracts on RTUI's behalf, assign grocery store servicing contracts he had previously obtained to RTUI, and provide sales training to RTUI staff. Id. at 5-7. As relevant, an October 1999 written agreement ("1999 Safeway Contract") between plaintiffs and RTUI provided that RTUI would pay plaintiffs 10% of its gross profit, defined as "profit after cost of tape and total paid commissions at 35% fixed. Tape cost to be calculated presently at $1.50 per roll delivered for printed tape and .94 per roll for blank tape but subject to price fluctuations based on the cost of thermal paper in the future." ECF No. 36.6 (Ex. F) at 2. Plaintiff alleges that he has not been properly compensated under the contracts, and that RTUI has regularly failed or refused to provide proof of profits necessary for plaintiffs to ascertain whether proper payments have been made. ECF No. 36 at 7-8.

## II.     MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff now brings an emergency motion seeking to prevent defendants from terminating his employment, and requiring the payment of monies owed. ECF No. 181 at 1. Defendants asked plaintiff to sign an independent contractor agreement on June 18, 2020. Id. at 12. Plaintiff asserts that he has been misclassified as an independent contractor by defendants for over 22 years. Id. at 14. If plaintiff fails to co complete the agreement by July 10, 2020, he will no longer be able to sell for defendants or collect commissions on any new or renewal contract. Id. at 8. Plaintiff states that he will be irreparably harmed if defendants fire him because he is nearly 64 years old and due to the COVID-19 pandemic, his disability, and his age, it would be difficult if not impossible for him to obtain other employment. Id. at 12.

## III.     STANDARDS

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or

showing good cause why notice should not be given ....″ E.D. Cal. R. 231(c).  Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227 GEB EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature.  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

## IV.     DISCUSSION

Having considered the submissions of the parties, the undersigned concludes that no hearing is necessary because it is clear from the face of the motion that plaintiff is not entitled to the relief he seeks.

A failure to demonstrate irreparable harm is fatal to an application for preliminary injunctive relief.  Caribbean Marine, 844 F.2d at 674.  Plaintiff's allegations regarding irreparable harm describe the personal hardship he will experience if he loses his income from defendants.  Defendants confirm that all independent contractors, including plaintiff, are required to sign an "IC Agreement" by Friday, July 10, 2020 or they will no longer be able to sell advertising for defendants going forward.  ECF No. 183-1 at 4.  In light of plaintiff's refusal to sign such an agreement, termination of the relationship (whether characterized as an employment relationship or as an independent contractor relationship) does indeed appear to be imminent.  However, the severity of imminent harm is not the measure of entitlement to emergency or other preliminary relief.  In the injunctive relief context, "irreparable harm" means harm that cannot be remedied by money damages or otherwise.  Sampson v. Murray, 415 U.S. 61, 90 (1974).  The harm that plaintiff alleges here is not irreparable, no matter how keenly it may be felt.

Economic harm is generally not considered irreparable. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). If the termination of employment or a contractual relationship is proven to be unlawful, damages can compensate for the loss after the fact. By definition, therefore, such purely economic harm is not irreparable. See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). The U.S. Supreme Court has held that the loss of earnings does not generally constitute irreparable injury, because lost income can be recovered. See Sampson, 415 U.S. at 90 (overturning preliminary injunction issued to prevent plaintiff from losing her job, for failure to demonstrate irreparable harm).

As to plaintiff's alleged imminent injury from the anticipated non-payment of monies owed him for past sales, that harm appears to be entirely speculative. Speculative harm cannot be considered irreparable. See Caribbean Marine, 844 F.2d at 674. Moreover, defendants have committed themselves to paying what is owed. See ECF 183 at 5; ECF No. 183-1 (Declaration of Peter J. Most) at 4. Their representation on this point makes harm not just speculative, but unlikely. Should defendants fail to satisfy their commitment, the injury to plaintiff would be one that is purely monetary and thus compensable—and therefore not irreparable as a matter of law.

There being no showing of irreparable harm, it is recommended that the motion for a temporary restraining order be denied.

## V.  CONCLUSION

Accordingly, IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 181) be DENIED. In light of the time-sensitive nature of the motion, **the period for objections to these Findings and Recommendations will be 24 hours.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **24 HOURS** after being electronically served with these Findings and Recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE